PEOPLE v. RIEDE.

CRIMINAL LAW—ALIBI—IMPEACHMENT OF WITNESS.
    Upon a prosecution for robbery, committed about 10 o'clock at
    night, respondent's sister testified that she was at home after
    9 o'clock on the evening in question, and that she knew that
    respondent was there from that time until a quarter to 11
    o'clock, when she went to bed.    Without any foundation
    being laid for her impeachment, another witness was allowed
    to testify that she had told him that respondent was at home
    "all the evening."    *Held*, that, though it was immaterial
    whether or not respondent was at home before 9 o'clock or
    after a quarter to 11 o'clock, it was prejudicial to permit a
    witness whose testimony was so material to respondent to be
    discredited before the jury by an unauthorized impeachment,
    and that, in the absence of an instruction to disregard the im-
    peaching testimony, its reception was reversible error.

Error to Calhoun; Smith, J.    Submitted October 26,
1899.    Decided November 14, 1899.

Joseph Riede was convicted of robbery, and sentenced
to imprisonment in the state house of correction at Ionia
for 10 years.    Reversed.

*Mains & Cavanagh*, for appellant.

*Horace M. Oren*, Attorney General, and *Jesse M.
Hatch*, Prosecuting Attorney, for the people.

GRANT, C. J.    Respondent was convicted of robbery
from the person, being armed with a dangerous weapon.
His co-respondent was one Cotie.    The crime was com-
mitted about 10 o'clock at night.    The defense was an
alibi,—that the respondents were at the house of Mr.
Riede's father at the time.    Johanna Riede, sister of
respondent, testified that she left the house after supper
on the day the crime was committed, and returned about

9 o'clock; that respondent and Cotie also went down town after supper, and when she returned they were in the kitchen, playing cards; that she went to bed about a quarter to 11 o'clock, and they were still there playing cards. She was asked no questions about a conversation with one Joseph Shoup. For the purpose of impeaching her testimony, Mr. Shoup was called, and testified that he asked her what time Joe was home, and that she replied "he was home all the evening, playing cards." Counsel for the people concede the rule in regard to impeaching testimony of this character to be that the witness must first be interrogated as to the time, place, and the conversation. This rule was not complied with. The only reason now urged to avoid the error is that it was immaterial, and did not prejudice the respondent. Her testimony was very material, for, if true, the respondent was not guilty. It was important for him that the rule in regard to impeachment be observed. It is true that the impeachment was upon an immateral matter, for it was of no consequence whether he was at home before 9 o'clock, or whether she so stated. But the jury were not instructed to disregard Mr. Shoup's testimony, and may have thought it very material. They may possibly have found that she testified falsely on this point, and therefore have disregarded her testimony entirely. We cannot, therefore, say that it was error without prejudice.

For this error the conviction must be reversed, and a new trial ordered. We find no other error.

The other Justices concurred.